# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| **MAXIE L. NICHOLS and**<br>**W. MAX NICHOLS,** | ) | From the Chancery Court of<br>Davidson County at Nashville |
| | ) | |
| Plaintiffs/Appellants, | ) | Hon. C. Allen High, Chancellor |
| | ) | |
| **VS.** | ) | Davidson Chancery No. 94-3181-II |
| | ) | Appeal No. 01A01-9506-CH-00247 |
| **TENNESSEE STUDENT** | ) | |
| **ASSISTANCE CORP.,** | ) | **AFFIRMED** |
| | ) | |
| Defendant/Appellee. | ) | Maxie L. Nichols, pro se |
| | ) | W. Max Nichols, pro se |
| | ) | |
| | ) | Sandra E. Keith |
| | ) | Assistant Attorney General |
| | ) | Nashville, Tennessee |
| | ) | Attorney for Defendant/Appellee |

## MEMORANDUM OPINION[1]

**FILED**

**HIGHERS, J.**

Oct. 20, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

This is an appeal from the trial court's judgment in favor of Defendant on Plaintiffs' fraud and contract allegations.

Appellants are William Max Nichols, maker of certain notes representing student loans, and his father, Maxie L. Nichols, who was co-maker on said notes. The Appellee is Tennessee Student Assistance Corporation (TSAC), a non-profit corporation created by the General Assembly to guarantee and administer loans made by educational institution lenders to students attending post-secondary schools in Tennessee. T.C.A. § 49-4-203(1)-(3) (1990).

William Max Nichols, received four student loans in the late 1970s on which his father co-signed. William Max Nichols defaulted on these loans and on September 14, 1992, TSAC recovered a judgment against Appellants in the amount of $18,138.26. In October of 1994, Appellants filed a complaint against TSAC, alleging that various irregularities occurred in connection with the servicing of the loans, including fraud, contract interference, and inducement to breach of contract.

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied upon for any reason in a subsequent unrelated case.

1

TSAC filed a Motion to Dismiss and/or for Summary Judgment on the grounds of *res judicata*, sovereign immunity, and failure to state a claim. The chancellor granted TSAC's motion. It is from this decision that this appeal arises.

Appellants filed a motion with the Court of Appeals, Middle Section, to consider as post-judgment facts certain documents indicating that TSAC assigned the notes to the U.S. Department of Education and, therefore, was not the holder of the notes at the time of the 1992 judgment. Judge Cantrell denied Appellants' motion, noting that the alleged assignments did not occur after the trial court's judgment, and therefore were not post-judgment facts pursuant to T.R.A.P. 14. Consequently, the Court found that the documents were inappropriate for consideration under T.R.A.P. 14.

Appellants have raised two issues for our consideration on appeal. The first is whether the trial court erred in granting Appellee's Motion to Dismiss and/or for Summary Judgment. According to Appellants, there exist genuine issues of material fact with respect to whether Appellee was the holder of the notes at the time the 1992 judgment was entered. Appellants' second assertion of error is that the trial court abused its discretion by denying Appellants Motion for Continuance on the hearing of TSAC's Motion to Dismiss and/or for Summary Judgment. Appellants contend that they should have been permitted to introduce newly discovered evidence indicating that TSAC was not the holder of the notes at the time of the previous judgment.

Because this Court has denied Appellants' motion for consideration of post-judgment facts, we are precluded from considering any proffered documents relating to Appellants' allegation that TSAC was not the holder of the notes. Moreover, there is insufficient evidence contained in the record before us to sustain such a contention. Accordingly, Appellant's first issue is without merit as there existed no disputed issue of material fact as to whether TSAC was the holder of the notes at the time judgment was entered.

With respect to Appellants' second issue, a trial judge will not be put in error for denying a motion for continuance in the absence of a showing of abuse of discretion. Moorehead v. State, 40-9 S.W.2d 357 (Tenn. 1956); Kerney v. Cobb, 658 S.W.2d 128, 131 (Tenn. App. 1983).

2

The record does not reveal upon what basis the chancellor denied Appellants' Motion for Continuance. Concomitantly, we find nothing in the record to suggest the chancellor abused his discretion in denying such motion. We therefore affirm the trial court's denial of Appellants' Motion for Continuance.

The judgment is accordingly affirmed. Costs on appeal are taxed to Appellants.

_____
HIGHERS, J.

CONCUR:

_____
TOMLIN, J.

_____
FARMER, J.

3